IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO DOMINGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. H-05-1713 |
| | § | Criminal Action No. H-03-188 |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |
| | § | |

ORDER

Pending before the Court is the Motion to Vacate, Set Aside or Correct Sentence (Civil Document #1, Criminal Document #36) filed by Francisco Dominguez and the Motion to Dismiss (Criminal Document #38) filed by the United States of America. Having considered the motion, submissions, and applicable law, the Court determines Francisco Dominguez's motion should be denied and the Government's motion should be granted.

BACKGROUND

On May 28, 2003, Francisco Dominguez ("Dominguez") was indicted in the Houston Division of the Southern District of Texas on one count of illegal re-entry after deportation after having committed an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). On June 19, 2003, Dominguez appeared before the Court and, with

the assistance of counsel, entered a guilty plea to the one count charged in the indictment. The Court accepted Dominguez's plea as a knowing and voluntary plea of guilty.

The Court sentenced Dominguez on November 10, 2003, to 78 months imprisonment, followed by three years supervised release. The Court also imposed a $100 special assessment. Dominguez appealed his conviction to the United States Court of Appeals for the Fifth Circuit. On June 23, 2004, the Fifth Circuit, in an unpublished per curiam opinion, affirmed the judgment and sentence of this Court. Dominguez subsequently filed a petition for writ of certiorari with the Supreme Court, which was denied on November 1, 2004.

On May 12, 2005, Dominguez filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, Dominguez contends his conviction should be vacated due to the manner in which his sentence was calculated and because his trial counsel was ineffective. The Government filed its response and motion to dismiss Dominguez's petition on June 24, 2005. The Government argues Dominguez did not follow the proper procedure in filing his motion and his ineffective assistance of counsel and sentencing claims are without merit.

STANDARD OF REVIEW

In order to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255, a

petitioner must show "cause" and "actual prejudice." *United States v. Frady*, 456 U.S. 152, 167 (1982); *see also United States v. Acklen*, 47 F.3d 739, 742 (5th Cir. 1995). A petitioner must show "cause" to explain the reason why the appeal was not made originally at trial or on direct appeal and that there has been "actual prejudice" suffered from the alleged errors. *Frady*, 456 U.S. at 167. To prove "cause," a petitioner must show an external obstacle prevented him from raising his claims either at trial or on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). To prove "actual prejudice," the petitioner must show he has suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170.

To succeed under the "cause" and "actual prejudice" standard, a petitioner must meet a "significantly higher hurdle" than the plain error standard required on direct appeal. *Id*. at 166. This higher standard is appropriate because once a petitioner's chance to appeal has been exhausted, courts are allowed to presume the defendant was fairly convicted. *Id*. at 164; *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (presuming defendant to be fairly and finally convicted after direct appeal). When applying this standard, motions to vacate sentences "may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

## LAW & ANALYSIS

A.  *Dominguez's Procedural Error*

Dominguez's filed his section 2255 motion and memorandum of law without signing or dating either one. Dominguez's motion was also filed without the requisite affidavit swearing to the accuracy of the information provided. The Government argues these errors are in violation of the procedural rules governing section 2255 motions.

The rules governing section 2255 proceedings state "[t]he motion must . . . be signed under penalty of perjury by the movant or by a person authorized to sign for the movant." 28 U.S.C. foll. § 2255, Rule 2(b) (2000). Relief cannot be obtained from an unsworn memorandum, rather a habeas petition must rely on allegations presented under oath either in a petition or an affidavit. *See United States v. LaBonte*, 70 F.3d 1396, 1413 (1st Cir. 1995), *overruled on other grounds*, 520 U.S. 751 (1997). Because the motion is lacking on its face and violates the governing procedural rules, the Court could summarily dismiss the motion. *See, e.g., Barrett v. United States*, 965 F.2d 1184, 1195 (1st Cir. 1992); *Dalli v. United States*, 491 F.2d 758, 760-61 (2d Cir. 1974).

Determining the validity of a section 2255 motion is important to the Court due to the requirement stated in the rules governing section 2255 proceedings that "[a]ll grounds for relief which are available to the movant and of which he has or, by the

4

exercise of reasonable diligence, should have knowledge" must be stated in the motion. 28 U.S.C. foll. § 2255, Rule 2(b) (2000). The validity of the motion is also important because ordinarily a federal inmate is prohibited from filing a second or successive section 2255 motion. *Id*. Because of these limitations, it is crucial for the Court to assure the motion is filed with the petitioners's authority and the motion is binding on the petitioner.

Here, no evidence (other than the lack of a signature) suggests Dominguez did not file this motion or his lack of signature is anything more than an inadvertent procedural oversight that he would correct if given leave to do so. Additionally, Dominguez's name is printed on the envelope the motion was submitted in, thereby, reinforcing the conclusion that Dominguez himself filed this motion. Therefore, there is no reason to delay the disposition of the action by waiting for a properly verified motion. *See id*. The Court may overlook the procedural concerns to allow Dominguez to avoid possibly having his claims time barred by the applicable one year statute of limitations. *See* 28 U.S.C. § 2255 (2000). Accordingly, setting aside these procedural concerns, the Court considers the merits of Dominguez's motion.

B.   *Ineffective Assistance of Counsel Claims*

In his motion, Dominguez claims his trial counsel was ineffective. Dominguez does not support his claim with any additional facts in his attached memorandum of

law. However, because Dominguez is *pro se*, his pleadings are liberally interpreted. *See Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1303 (5th Cir. 1995). Therefore, the Court addresses Dominguez's claim of ineffective assistance of counsel on the merits.

Ineffective assistance claims raise an issue of constitutional magnitude and cannot usually be resolved on direct appeal, therefore Dominguez is correct to bring the claim in this motion. *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002) (citing *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992)). However, in order to obtain relief under the doctrine of ineffective assistance of counsel, Dominguez must allege and prove: (1) his counsel's performance was deficient and (2) he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Although this is the proper motion for Dominguez to raise his claim, he neither asserts nor proves deficient performance or prejudice in his motion.

In order to prove that counsel at trial was deficient, a petitioner must show his attorney's performance was objectively unreasonable. *Strickland*, 466 U.S. at 688; *Hernandez v. Johnson*, 213 F.3d 243, 249 (5th Cir. 2000). To establish deficient counsel, a petitioner must demonstrate "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 688. When examining a petitioner's trial counsel for deficiency, "[j]udicial scrutiny of

6

counsel's performance must be highly deferential." *Id.* at 689. A petitioner must overcome a strong presumption of reasonably adequate performance by his attorney in order to prove deficiency. *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996).

Here, Dominguez does not support his claim of deficient counsel with any facts. He merely alleges ineffective assistance of counsel, resulting in plain error. Because unsubstantiated allegations will not surmount the presumption that counsel performed adequately, Dominguez fails to establish his counsel's performance was deficient. *See Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001). Therefore, because Dominguez fails to plead any facts to establish deficient counsel, he fails the first part of the *Strickland* test.

To demonstrate the requisite prejudice required to establish the second prong of the *Strickland* test, a petitioner must show, but for the deficiency in representation, "there is a reasonable probability that the result of the proceeding would have been different." *Ramirez v. Dretke*, 398 F.3d 691, 698 (5th Cir. 2005). The mere possibility of prejudice does not satisfy petitioner's burden under the second prong of the *Strickland* test. *Kunkle v. Dretke*, 352 F.3d 980, 991 (5th Cir. 2003).

Again, Dominguez provides the Court with no facts to back up any claim of prejudice. While Dominguez claims ineffective assistance of counsel, he did not

7

elaborate as to what prejudice, if any, he suffered from his attorney's performance. Again, mere allegations by a petitioner will not overcome the presumption that no prejudice occurred. *See Sayre*, 238 F.3d at 636. Therefore, because Dominguez failed to show deficient counsel or prejudice, his claim of ineffective assistance of counsel fails.

C. *Booker is Not Retroactive*

In his petition, Dominguez argues he is the beneficiary of a new rule of law that renders his sentence unconstitutional due to its infringement on his Sixth Amendment rights. Although Dominguez does not assert which new rule of law makes his sentence unconstitutional, the Court interprets his pleadings liberally and assumes he is referencing the Supreme Court's recent decision in *United States v. Booker*.[1] Building on this assumption, Dominguez argues *United States v. Booker,* which was decided on January 12, 2005, is a new rule of law that should be retroactive to his conviction, which became final on November 1, 2004.

Generally, federal petitioners invoking a habeas corpus claim are not permitted to rely on new rules of procedure handed down after their convictions have become final on direct appeal. *Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004). A

---

[1] *United States v. Booker*, 125 S. Ct. 738 (2005) (holding that judicial fact finding under the United States Sentencing Guidelines violated a defendant's Sixth Amendment right to a trial by jury).

departure from this general rule of non-retroactivity occurs when the new procedural rule falls into one of two exceptions set forth in *Teague v. Lane*. *Teague v. Lane*, 489 U.S. 288, 307 (1989). *Booker* is analyzed under the two-part *Teague* test because it is a new rule of criminal procedure rather than a change in substantive law. *Id*. at 310; *see also Bousley v. United States*, 523 U.S. 614, 620 (1998) (stating *Teague* applies to procedural rules).

*Teague's* first exception allows a new rule to apply when it places "certain kinds of primary, private individual conduct beyond the power of criminal law-making authority to proscribe." *Teague*, 489 U.S. at 307. This exception does not apply to Dominguez's case. The second *Teague* exception allows a new rule to apply when it is a "watershed" rule of criminal procedure. *Id*. However, the second exception is extremely limited as the Supreme Court has not yet found a new procedural rule that falls into this category. *Beard v. Banks*, 124 S. Ct. 2504, 2513-14 (2004).

While the Supreme Court did not directly address *Booker*'s retroactivity, the Court did state *Booker* should be applied "to all cases on direct review." *Booker*, 125 S. Ct. at 769.[2] In examining whether *Booker* should be applied retroactively, the Court's *Schriro* decision provides additional guidance. *Schriro*, 124 S. Ct. at 2524.

---

[2] *Booker* came to the Supreme Court on direct appeal so retroactivity was not an issue. *See Booker*, 125 S. Ct. at 746-47.

9

In *Schriro,* the Court was asked to determine if a prior holding should be applied retroactively. *Id.* (questioning the retroactivity of *Ring v. Arizona*, 536 U.S. 584 (2002)). The Court in *Ring* held sections of Arizona's sentencing scheme allowing a judge to find aggravating factors to make the use of the death penalty an option violated the Sixth Amendment. *Ring*, 536 U.S. at 609. In *Schriro*, the Court held *Ring* was not a "watershed" rule of criminal procedure, and it did not apply retroactively to cases that had already become final on direct review. *Schriro*, 124 S. Ct. at 2524-26 (concluding "*Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review.")

*Schriro*'s logic applies to *Booker*. Both *Ring* and *Booker* held certain provisions of sentencing guidelines that allowed judges to impose punishment on the basis of facts not proven to a jury were unconstitutional. *Booker*, 125 S. Ct. at 769; *Ring*, 536 U.S. at 609. If the *Schriro* Court was unwilling to apply a less demanding reading of *Teague's* second exception to Arizona's death penalty statute than it had previously required, then it is unlikely that it would lower that standard when reviewing the retroactive status of the United States Sentencing Guidelines in *Booker*. *Compare Schriro*, 124 S. Ct. at 2526 *with Booker*, 125 S. Ct. at 769. Consequently, *Booker*, like *Ring*, is a new rule of criminal procedure that does not fall within any of the *Teague* exceptions and is non-retroactive to cases on collateral review.

The Fifth Circuit has not yet ruled whether *Booker* is retroactive on initial collateral review. However, it has ruled that *Booker* is not retroactive for second or subsequent petitions under section 2255. *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (per curiam). Other circuit courts addressing the retroactive application of *Booker* on initial collateral review have reached the same conclusion; *Booker* does not apply retroactively. *See United States v. Bellamy*, No. 04-5145, 2005 WL 1406176, at *4 (10th Cir. June 16, 2005); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Because this Court finds the reasoning in *Schriro* to be persuasive, it concludes that *Booker* is not retroactive to cases on initial collateral review. *Booker* is not a "watershed" rule of criminal procedure and fails both of the *Teague* exceptions. Therefore, because Dominguez's conviction became final before *Booker* was decided on January 12, 2005, he is not entitled to any relief under *Booker*.

D.      *Unconstitutional Sentence Claims*

Dominguez argues his conviction under 8 U.S.C. § 1326(b)(1) is unconstitutional. Dominguez bases his claim on the Supreme Court's supposed recognition that the change in criminal law brought about by *Booker* has made the

11

Court's holding in *Almendarez-Torres* obsolete.[3] However, Dominguez already raised this issue once on direct appeal and was denied relief by the Fifth Circuit. *See United States v. Dominguez*, 101 Fed. Appx. 458, 459 (5th Cir. 2004) (unpublished).

Relief under *Booker* is only available if, under the United States Sentencing Guidelines, the judge issues the sentence using facts not proven to the jury or admitted in a guilty plea. *Booker*, 125 S. Ct. at 756 (reaffirming the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). The Court specifically excluded prior convictions from *Booker's* ruling by stating,"[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*.

The Supreme Court has definitively held prior convictions can be used to enhance a sentence without proving their existence to a jury beyond a reasonable doubt. *Almendarez-Torres*, 523 U.S. at 235; *Booker*, 125 S. Ct. at 756. Despite this clear statement, *Almendarez-Torres* has been questioned for being inconsistent with the *Apprendi* line of cases. *Apprendi*, 530 U.S. at 489; *see Shepard v. United States*, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring). However, *Almendarez-Torres*

---

[3] *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998) (allowing the use of prior convictions at sentencing without requiring that they be proven beyond a reasonable doubt).

remains intact because the Supreme Court has not overruled it. *Apprendi*, 530 U.S. at 489-90. Consequently, the rule that prior convictions need not be proven beyond a reasonable doubt to the jury in order to enhance a defendant's sentence remains the law in the Fifth Circuit despite *Apprendi*'s criticism. *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005); *United States v. Mendez-Villa*, 346 F.3d 568, 570-71(5th Cir. 2003) (per curiam).

Based on the foregoing, even if *Booker* applied retroactively, Dominguez would be denied relief as he is unable to establish either "cause" or "actual prejudice." Therefore, his claim fails the applicable standard of review. Dominguez's sentence was based on prior convictions, making him ineligible for

section 2255 relief. Accordingly, the Court hereby

ORDERS that Francisco Dominguez's Motion to Vacate, Set Aside, or Correct Sentence (Civil Document #1, Criminal Document #36) is DENIED. The Court further

ORDERS that the Government's Motion to Dismiss (Criminal Document # 38) is GRANTED.

SIGNED at Houston, Texas, on this 11th day of August, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge

14